**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| KELLIE OAKES PAUL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-00514-SRW |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**[1]

**I.     Introduction**

Plaintiff Kelli Oakes Paul commenced this action on July 22, 2019, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") denying her application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act. *See* Docs. 1, 14. Plaintiff filed her application on November 10, 2016, alleging that she became disabled on November 5, 2015. Doc. 16-3 at 21, R. 71. Plaintiff's application was denied at the administrative level on February 1, 2017. Doc. 16-4 at 2, R. 93. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 10, R. 101. On November 2, 2018, ALJ Melissa J. McIntosh issued an adverse decision after

---

[1] For purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time the claim was filed at the administrative level. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

holding a hearing on plaintiff's application. Doc. 16-2 at 20-30, R. 19-29. On May 23, 2019, the Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See* Doc. 16-2 at 2-4, R. 1-3; *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In the instant appeal, plaintiff asks the court to reverse the Commissioner's decision and award benefits, or, in the alternative, to remand this cause to the Commissioner for a further hearing. Doc. 1 at 2; Doc. 14 at 6. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. *See* Docs. 7, 8. Based on its review of the parties' submissions, the relevant law, and the record as a whole, the court will affirm the Commissioner's decision.

**II.    Standard of Review**

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla," but less than a preponderance, "and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence") (citations omitted).

The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). However, reversal is not warranted merely because the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a person must be unable to:

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2] To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520; 416.920.

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory

3

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on the claimant through step four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant establishes a *prima facie* case of qualifying disability once he or she has carried the burden of proof from step one through step four. At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Phillips*, 357 F.3d at 1238–1239. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all

---

diagnostic techniques. 42 U.S.C. § 423(d)(3).

[3]*McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

relevant medical and other evidence. *Id.* It may contain both exertional and nonexertional limitations. *Id.* at 1242–1243. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id.* at 1239. To do this, the ALJ can use either the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id.* at 1239–40.

The grids allow the ALJ to consider factors such as age, restriction to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Id.* at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

### III.   Administrative Proceedings

Plaintiff was 53 years old at the time she filed her application for SSI and 55 at the time of the ALJ's decision. *See* Docs. 16-3 at 29, R. 79; 16-5 at 2, R. 157. Plaintiff is a resident of Eclectic, Alabama, and lives in a house with her sister, her sister's husband, and her sister's 13-year-old son. *See* Doc. 16-2 at 39, R. 38. Plaintiff has a high school degree and received a cosmetology license in technical school. *See id.* at 40, R. 39.

Plaintiff claims that her ability to work is limited by back problems, problems with radiculopathy going down her leg, and problems with her knees that impede her ability to stand and lift or sit for extended periods of time. *See* Doc. 16-2 at 40, R. 39. Plaintiff previously worked as a cosmetologist and performed office and extermination work for an

extermination company, in addition to working for an answering service for approximately two days. *See id.* at 41, R. 40.

Following the administrative hearing, the ALJ found at step one of the five-step process that plaintiff had "not engaged in substantial gainful activity since November 10, 2016, the application date[.]" Doc. 16-2 at 25, R. 24.[4] At step two, the ALJ determined that plaintiff suffered from the following severe impairments: "degenerative disc disease; osteoarthritis of the bilateral knees with a history of a right knee fracture; neuropathy; and obesity[.]" *Id.* At step three, the ALJ found that plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" *Id.* at 26, R. 25. Next, the ALJ articulated plaintiff's RFC as follows: "the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b)." *Id.* at 27, R. 26. At step four, based on the testimony of the VE, the ALJ concluded that "[t]he claimant is capable of performing past relevant work as a composite job of administrative clerk and exterminator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity[.]" *Id.* at 29, R. 28. Accordingly, the ALJ determined that plaintiff "has not been under a disability . . . since November 10, 2016, the date the application was filed[.]" *Id.*

---

[4] The ALJ considered plaintiff's complete medical history, although SSI is not payable prior to the month following the month in which the application was filed. *See* Doc. 16-2 at 23, R. 22 (citing 20 C.F.R. §§ 416.335, 416.912); *see also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) ("An individual claiming Social Security disability benefits must prove that she is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. § 416.202-03 (2005).").

### IV.     Issues on Appeal

On appeal, plaintiff argues that the ALJ's RFC determination and the ALJ's determination at step four, based on the Vocational Expert's ("VE's") testimony, is not supported by substantial evidence because the ALJ failed to consider limitations from her neuropathy and osteoarthritis of the bilateral knees in making her RFC determination or in posing questions to the VE.

### V.     Discussion

Plaintiff argues that this case should be reversed or remanded because the ALJ failed to include plaintiff's severe impairments of neuropathy or osteoarthritis of the bilateral knees in determining plaintiff's RFC and in posing a hypothetical question to the VE, and maintains that "[d]espite the ALJ's silence as to the specific limitations from these conditions, the medical evidence of record supports restrictions from each." Doc. 14 at 4-5.

The Commissioner contends that the ALJ's RFC determination included consideration of all of plaintiff's impairments and that the ALJ's hypothetical to the VE implicitly accounted for plaintiff's work-related limitations stemming from her neuropathy and osteoarthritis of the bilateral knees by restricting plaintiff to light work, which by definition includes limits on lifting/carrying and standing/walking. *See* Doc. 15 at 7-8.

1.     RFC Determination

The ALJ is responsible for determining a claimant's RFC. 20 C.F.R. § 416.946(c). Such "assessment should be based upon all of the relevant evidence of a claimant's

remaining ability to do work despite her impairments." *Beech v. Apfel*, 100 F. Supp. 2d 1323, 1331 (S.D. Ala. 2000) (citing 20 C.F.R. § 404.1546). The ALJ, not the physician, is charged with assessing a claimant's RFC at the administrative level. *See* 20 C.F.R. §§ 416.927(d)(2), 416.946(c); *see also Castle v. Colvin*, 557 F. App'x 849, 853–54 (11th Cir. 2014) (finding that ALJ "properly carried out his regulatory role as an adjudicator responsible for assessing [the plaintiff's] RFC"). The determination of a claimant's RFC is an administrative assessment, not a medical one, and the final responsibility for assessing a claimant's RFC rests with the ALJ. *See* 20 C.F.R. §§ 416.927(e)(2), 416.945(a)(3), 416.946(a); SSR 96-8p, 1996 SSR LEXIS 5, at *13 (July 2, 1996); *Castle*, 557 F. App'x at 853. Although an ALJ may not make medical findings, *see Marbury v. Sullivan*, 957 F.2d 837, 840 (11th Cir. 1992), it is the ALJ's responsibility to resolve conflicting medical opinions and evidence. *See Watson v. Heckler*, 738 F.2d 1169, 1172 (11th Cir. 1984). The ALJ, "as the factfinder, does not need an opinion from a treating or examining doctor concerning a claimant's functional limitation[s] in order to make a finding regarding a claimant's RFC." *Williams v. Astrue*, 2008 U.S. Dist. LEXIS 12010, at *15 (M.D. Fla. Feb. 18, 2009). "To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has provided a sufficient rationale to link substantial record evidence to the conclusions reached." *Eaton v. Colvin*, 180 F. Supp. 3d 1037, 1055 (S.D. Ala. 2016) (citation and internal quotation marks omitted). It is not this court's role to reweigh the evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) ("To the extent that [the plaintiff] points to other evidence which would undermine the ALJ's

RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from re-weighing the evidence or substituting our judgment for that of the Commissioner even if the evidence preponderates against the decision.") (internal quotations and footnotes omitted).

The ALJ considered the combination of plaintiff's impairments in making her RFC determination, including neuropathy and osteoarthritis of the bilateral knees. The ALJ considered plaintiff's testimony regarding chronic pain in her bilateral knees, a history of bilateral knee surgeries, fracture of the right knee, and difficulties with her feet due to neuropathy. Doc. 16-2 at 28, R. 27. However, the ALJ determined that the medical evidence "was inconsistent with the severity of [plaintiff's] allegations." *Id.* In reviewing the record, the ALJ specifically noted that "the medical evidence record indicated treatments for bilateral knee pain . . . difficulties with [plaintiff's] feet . . . and [indication] of a diagnosis of idiopathic neuropathy." *Id.* The ALJ further noted that "hospital notes consistently indicated no neurologic deficits," and that "[t]he record indicated conservative treatment [of neuropathy] by medication." *Id.* She reviewed plaintiff's treatment records related to bilateral knee pain, including a CT scan, x-ray, and MRI of plaintiff's right knee, which showed, respectively, a medial tibial plateau fracture and large joint effusion, mild osteopenia without fracture or misalignment and mid degenerative arthrosis, and medial and lateral meniscus tears, osteoarthrosis, and joint effusion. *Id.* The ALJ found that the record indicated "conservative treatment by medication" and that plaintiff refused physical therapy referrals for treatment of her right knee. *Id.* The ALJ also reviewed an

x-ray of plaintiff's left knee which "revealed relatively stable tricompartmental osteoarthrosis without evidence for acute fracture or subluxation," indicating "diagnosis of acute knee pain and conservative treatment by a left knee immobilizer. *Id.* The ALJ found that although plaintiff "continued to complain of bilateral knee pain," "[t]he record indicated continuing conservative treatment by medication," and that "[e]xamination notes were unremarkable with the exception of pain elicited by movement." *Id.* at 29, R. 28.

The court finds substantial support in the record for the ALJ's RFC determination. The ALJ's decision clearly demonstrates that she considered evidence of plaintiff's neuropathy and osteoarthritis of the bilateral knees and concluded that "the claimant, due to the claimant's degenerative disc disease, osteoarthritis of the bilateral knees with history of right knee fracture, neuropathy, and obesity, [] has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b)." Doc. 16-2 at 29, R. 28. The ALJ considered plaintiff's testimony together with the medical record evidence of diagnostic testing and treatment, including those records related to neuropathy and osteoarthritis of the bilateral knees, in making her RFC determination. Substantial evidence supports the ALJ's finding that plaintiff has the residual functional capacity to perform the full range of light work.

2.  Hypothetical Question Posed to the Vocational Expert

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must post a hypothetical question which comprises of all of the claimant's impairments." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)

(quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam)) (internal quotations omitted). The question posed to the VE must "include or otherwise implicitly account for" all of a claimant's impairments. *Id.* at 1181; *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1269 (11th Cir. 2015) (per curiam) ("questions that 'implicitly account[] for the claimant's limitations' are sufficient to meet this requirement") (citing *Winschel*, 631 F.3d at 1180-81). "An ALJ is not required to include findings in a hypothetical question that the ALJ properly rejected as unsupported." *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 487 (11th Cir. 2012) (per curiam) (citing *Crawford*, 363 F.3d at 1161).

Based on plaintiff's testimony and the medical record, the VE testified that plaintiff's former job performing office work and extermination work would be classified as a composite job between that of an administrative clerk, which is a light, semiskilled position, and that of an exterminator, which is a light, skilled position. Doc. 16-2 at 50, R. 49. The ALJ posed two hypothetical questions to the VE: whether an individual of the claimant's age, education, and work experience at the light exertion level could perform plaintiff's past work, and whether a similar individual who would be off task 15% of the workday could perform plaintiff's past work. *Id.* The VE responded that, in the first case, the hypothetical individual would be able to perform plaintiff's past work, and that the second hypothetical individual would not be able to perform plaintiff's past work or any work. *Id.*

11

Plaintiff asserts that a complete hypothetical was never offered to the VE and, therefore, the ALJ's decision was not supported by substantial evidence. Plaintiff argues that the ALJ failed to include any manipulative limitations in reaching, handling, fingering, or feeling, despite the medical record evidence indicating that plaintiff reported pain, numbness, and tingling in her right hand due to neuropathy. Doc. 14 at 5. Plaintiff also maintains that the ALJ failed to include any postural limitations in climbing ladders, ropes or scaffolds, balancing, kneeling, crouching, or crawling, despite medical record evidence indicating plaintiff's complaints of knee pain and treatment records. Doc. 14 at 5-6.

As discussed above, the ALJ properly considered plaintiff's impairments of neuropathy and osteoporosis, including plaintiff's testimony and the medical record evidence, which documented plaintiff's complaints, diagnoses, and treatments, in determining that plaintiff was able to complete the full range of light work. By posing a hypothetical question to the VE which included a limitation to the full range of light work, the ALJ implicitly accounted for all of plaintiff's impairments. The ALJ was not required to include any manipulative or postural limitations which she found unsupported. Therefore, the ALJ offered a proper hypothetical question on which to base a finding regarding plaintiff's ability to perform past work. The ALJ's decision is supported by substantial evidence.

The court is mindful that it is not its role to reweigh the evidence or substitute its judgment for the ALJ's. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Although Plaintiff has pointed to evidence in the record that she contends supports a

different result, this is insufficient to warrant remand. *See Sullivan v. Comm'r of Soc. Sec.*, 694 F. App'x 670, 671 (11th Cir. 2017) (The court cannot "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner."). The court discerns no legal error in the ALJ's consideration of the evidence of record, or in her explanation of the decision. Accordingly, because the Commissioner's decision is supported by substantial evidence and the proper legal standards were applied, the court will affirm the ALJ's decision.

### VI. Conclusion and Order

Upon consideration of the parties' briefs and record, the court concludes that the Commissioner's decision is based on substantial evidence and is in accordance with controlling law. The Commissioner's decision will be affirmed by separate judgment.

In addition, it is

ORDERED that the plaintiff's motion for an award of EAJA fees is DENIED. *See* Doc. 14.

Done, on this the 9th day of September, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge

13